## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH PAUL COUNTS,** | |
| **Petitioner,** | |
| **v.** | **Case No. 23-CV-02172-SPM** |
| **UNKNOWN PARTY,** | |
| **Respondent.** | |

## <u>ORDER DISMISSING CASE</u>

**McGLYNN, District Judge:**

This matter is before the Court on the petition of Joseph Paul Counts for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

Petitioner is charged with Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d). *See United States v. Counts*, Case No. 21-CR-30068-SPM (S.D. Ill.). Petitioner was recently confined to Federal Medical Center Devens in Ayer, Massachusetts pursuant to an Order issued by this Court in Petitioner's criminal case which found that Petitioner was not mentally competent to stand trial because he suffered from a mental disease which rendered him unable to truly understand the

nature and consequences of the proceedings against him and to assist properly in his defense. Petitioner was committed to the custody of the Attorney General who was directed to hospitalize Petitioner in a suitable facility. Hospitalization was deemed necessary so that Petitioner could receive the appropriate antipsychotic medications in order to determine whether the medications would allow Petitioner to be declared competent to stand trial.

At the outset, the Court notes the unusual circumstances of this case. First, there is an ongoing criminal case which is directly related to this habeas corpus action. Second, the Court found that Petitioner was mentally incompetent to stand trial and unable to assist his trial counsel, yet Petitioner is proceeding *pro se* in this action. Petitioner's mental condition in the related criminal case raises concerns as to Petitioner's competency to prosecute this action on his own without a guardian *ad litem* or without a next friend. *See* FED. R. CIV. P. 17(c). Finally, and most importantly, Petitioner failed to establish that he is being held in violation of the Constitution or laws or treaties of the United State for purposes of § 2241 or that the length and nature of his competency restoration has been unreasonable. At all times, Petitioner remained subject to criminal process for possessing an unregistered short barreled rifle, which is punishable by up to 10 years in prison. *See* 26 U.S.C. § 5871. Thus, Petitioner's total time in confinement for purposes of the competency determination has been far less than the possible sentence. No due process violation exists for the length of the overall process here. *See United States v. DeBellis,* 649 F.2d 1, 3 (1st Cir. 1981) (defendant cannot be committed for determination of competency for period longer than the maximum possible sentence he faces); *see also United States v. Ecker,*

30 F.3d 966, 969 (8th Cir. 1994) (same).

*       *       *

**IT IS HEREBY ORDERED** that Joseph Paul Counts' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED** in its entirety. This action is **DISMISSED** without prejudice. All pending motions are **DENIED** as **MOOT.** The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:   May 8, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**